TOLEDO, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Germán denegando la inscripción de un expediente posesorio.

No. 547.—Resuelto en noviembre 14, 1922.

EXPEDIENTES POSESORIOS—TESTIGOS EN LA INFORMACIÓN POSESORIA.—No es inscribible un expediente posesorio en el cual los testigos a que se refiere el artículo 391 de la Ley Hipotecaria no acreditaron en la información, mediante juramento o en alguna otra forma, que eran vecinos y propietarios del término municipal donde radica el inmueble objeto del expediente.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. B. Forés.*

El registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Presentado en el Registro de la Propiedad de San Germán un expediente posesorio tramitado a instancia de Juan Toledo y resuelto favorablemente por el juez municipal, el registrador se negó a inscribirlo por las siguientes razones:

"Primera, porque no consta del citado expediente que los testigos Antonio Velázquez y Juan Bautista Irizarry hayan justificado su cualidad de vecinos del pueblo de Sabana Grande, bien por prueba documental o por sus declaraciones juradas, toda vez que de las mismas aparece excluída dicha cualidad, y, segunda, porque si bien los referidos testigos juran tener la cualidad de propietarios en dichas declaraciones, no muestran concretamente que fueran propietarios del municipio de Sabana Grande como exige la ley. Reglas segunda y tercera del artículo número trescientos noventa y uno de la Ley Hipotecaria. *Torres et at.* v. *El Registrador de Guayama,* 28 D. P. R. 57."

Las declaraciones de los dos testigos que comparecieron en el expediente son exactamente iguales. El primer párrafo de la primera, copiado textualmente, dice así:

"En San Germán a 1°. de septiembre de 1922, ante la corte compareció el testigo don Antonio Velázquez, mayor de edad, vecino de

Sabana Grande y propietario, cuya última cualidad jura tener y después de prestar el correspondiente juramento a preguntas de la corte contesta:"

En ninguna otra parte de la declaración vuelve a hacerse referencia a la vecindad y condición de propietario del testigo.

La Ley Hipotecaria prescribe que en los expedientes posesorios declararán dos testigos "vecinos propietarios del pueblo o término municipal en que estuviesen situados los bienes" y que "justificarán tener las cualidades expresadas, presentando los documentos que las acrediten." Véase el artículo 391 de la Ley Hipotecaria.

Y la misma ley, artículo 392, dispone que a los efectos de la inscripción se presentará el "expediente original" en el registro, circunstancia de la cual puede deducirse la facultad del registrador para examinar en propios casos toda la documentación no obstante haberlo sido ya por la autoridad judicial competente.

Si bien no existen hoy las cédulas de vecindad, documento que tuvo sin duda en mente el legislador de la Ley Hipotecaria, la residencia puede acreditarse mediante el juramento del testigo y aquí no existe tal juramento.

En cuanto a la condición de propietario del pueblo en que radican los bienes, dentro del sistema actual existen documentos que pueden obtenerse fácilmente para acreditarla. Pero estimando bastante de igual modo el juramento del propio testigo, resulta que juró simplemente que era propietario pero no que lo fuera dentro del municipio de Sabana Grande, sitio de los bienes, como exige la ley.

Por virtud de lo expuesto y visto lo resuelto en el caso de *Torres et al.* v. *El Registrador de Guayama,* 28 D. P. R. 57, debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.